# Knowles's Estate.

*Trusts and trustees—Deed— Vested and contingent remainder—Income.*

A trust arose under a conveyance of real estate to a trustee in trust to collect the rents and to pay one fourth thereof to each of the trustee's daughters named in the deed. In case of the death of a daughter leaving issue, the fourth was to be paid to the issue or during minority to be appropriated for maintenance and support. In event of the death of a daughter without issue, the share of the one dying was to be paid to the surviving daughters or their issue. The trust was to terminate on the death of all the daughters and the arrival of the youngest child of all their children who might survive them at the age of twenty-one years, when a conveyance in fee was to be made to the issue of the daughters in the proportions they would have taken under the intestate laws in case the estate had descended from the trustee and their mothers. The deed further provided that the trustee might sell with the consent of the daughters ; that he might alter the trusts and vary the proportions allotted to any of his daughters or their issue ; that he might at will exclude any of them or their issue from the enjoyment of any share of the income or of any interest in the estate ; and that in the event of the death of all his daughters without issue at their decease, or if none of such issue should attain the age of twenty-one years, the trust should become void and the trustee should hold the property free of all trusts. While one of the daughters was still living a child of a deceased daughter after having attained the age of twenty-one years, died without issue, but by will devised her interest in the trust estate to a stranger in blood. *Held*, that the administrator c. t. a. of such deceased child was not entitled to share in the income.

Argued Jan. 14, 1904. Appeal, No. 243, Jan. T., 1903, by Robert N. Simpers, administrator c. t. a. of Virginia Pollard, deceased, from decree of C. P. No. 2, Phila. Co., Trustee's Docket C, p. 335, dismissing petition for payment of income in estate of Ann M. Knowles et al. Before MITCHELL, C. J., DEAN, FELL, BROWN, MESTREZAT, POTTER and THOMPSON, JJ. Affirmed.

Petition for citation.

BARRATT, J., stated the facts to be as follows :

On May 23, 1831, by deed duly recorded, William L. Hirst granted and conveyed the premises therein described unto Gershom W. Lambert, in trust, nevertheless, to and for the uses, intents and purposes following ; that is to say, that he, the said Gershom W. Lambert, his heirs and assigns, shall and will, according to his best judgment and discretion, manage, demise or 'let the premises hereinbefore mentioned, or cause the same to be done, and collect and receive the rents, issues and profits thereof, and distrain for the same if necessary, and exercise all rights, powers and authority over the premises so far as to enable him to effect the same, the said trustee not to be liable for any rent, except such as may be actually received, and out of the said rents, issues and profits to pay all taxes, assessments, levies, repairs and expenses of every kind incident to the said premises, and to pay the residue which may remain yearly and every year as follows : that is to say, one equal undivided fourth part to and for the sole and separate use of Ann M. Knowles, wife of Nathaniel Knowles and daughter of the said Gershom W. Lambert, notwithstanding her coverture as if she were a feme sole and unmarried, and her receipt, release or discharge therefor to be good and available to the said trustee; one other equal undivided fourth part thereof to and for the sole and separate use of Frances M. Pollard, wife of Joseph O. Pollard and daughter of the said Gershom W. Lambert, notwithstanding her coverture, as if she were a feme sole and. unmarried, and her receipt, release or discharge therefor to be good and available to the said trustee ; one other equal undivided fourth part thereof to Harriet Lambert, daughter of the said Gershom W. Lambert, and in case she should marry, then to and for her sole and separate use, notwithstanding such coverture, as if she were a feme sole and unmarried, and her receipt, release or discharge therefor to be good and available to the said trustee ; and the remaining equal and undivided fourth part thereof to Sarah Lambert, daughter of the said Gershom W. Lambert, the arrears or accumulation thereof to be paid to her when she may arrive at the age of twenty-one, or at her marriage, whichever may first happen, and afterward to be paid her yearly and every year, and in case of her marriage, then to and for her sole and separate use, notwithstanding such covert-

ure, as if she were a feme sole and unmarried, and her receipt, release or discharge therefor to be good and available to the said trustee. And upon this further trust, that in case of the death of either of the said daughters of the said Gershom W. Lambert leaving lawful issue, then the fourth payable to such daughter so dying to be paid by the said Gershom W. Lambert, his heirs or assigns, at his or their discretion, for the maintenance and education of such issue, or any of them, during their minority, and afterwards each to take an equal share of said fourth and of the arrearages, if any ; but in case of the death of either of the said daughters without issue, then the share or interest reserved for her shall descend to and be enjoyed in like manner by the survivors and the issue of any deceased daughter, which issue shall take among them, subject to the provisions of this deed, the share or interest of their deceased mother. And upon this further trust, that the said Gershom W. Lambert, his heirs and assigns, shall and will, upon the decease of all his said daughters, and when the youngest child of all the children of his said daughters which may have survived them shall arrive at the age of twenty-one years, convey the said premises in fee simple to the said issue in the proportions which they would have taken under the intestate laws of this commonwealth in case the estate has descended from the said Gershom W. Lambert and their respective mothers. And upon this further trust, that if all the said daughters shall die without issue at their decease, or if none of such issue shall live to the age of twenty-one years, then the whole of the trust hereby created shall become void, and the estate shall be held to and for the only use and behoof of the said Gershom W. Lambert, his heirs and assigns forever. And upon this further trust, that the said Gershom W. Lambert shall, during his natural life, have the power, by writing under his hand and seal, to apportion the said houses and lots among his said daughters or their issue, so as to give a separate interest to each of their issue in the said premises, subject to the provisions of this deed, and may, with the consent of each or either of his said daughters, testified by her becoming a party to the deed as if feme sole sell and convey the house so apportioned to such daughter, and make a good and sufficient

title to the purchaser, free from all incumbrance and responsibility for the application of the purchase money. And upon this further trust, that the said Gershom W. Lambert shall, during his natural life, have the power, by writing under his hand and seal, duly made and executed, to alter the trusts hereby expressed or created, so as to vary the proportions of rents, issues and profits, and also of the remaining interest or estate hereby expressed to be allotted to each, and, at his pleasure, to declare that the uses and trusts of the said premises shall enure thenceforth for the use and benefit of one or more of his said daughters, or of their issue, in exclusion of others and their issue, and from time to time again to vary, alter or change the same at his pleasure, except he shall have sold or conveyed the said premises or any part thereof as before provided.

Of the daughters of Gershom W. Lambert, grantor as aforesaid, Sallie Seabrook is still living. Harriet Ballard died in 1866 or 1867, without issue. Ann M. Knowles died in 1888, leaving three children. Sallie Voorhis, Josephine Cooke and George Knowles, all of whom are still living. Frances M. Pollard died in 1870, leaving a daughter, Virginia Pollard. The said Virginia Pollard died November 15, 1900, without issue. By her will, according to the petition filed in this case, she devised her interest in the trust estate, subject to the payment to Dr. A. R. Thomas of $1,000, to Elizabeth S. Hunter. She left debts unpaid amounting to $679.20. Robert N. Simpers, her administrator c. t. a., prays for a citation on the present trustee to appear and show why it should not pay the share of the said Virginia Pollard to the petitioner, including in this income yet to accrue.

The court dismissed the petition.

*Error assigned* was decree dismissing the petition.

*John G. Johnson,* with him *Arthur Percival Woodward,* for appellant.—Where the testator gives the whole of the intermediate income of real estate, or of personal estate, not arising from a charge on real estate, to the person to whom he devises or bequeaths said estate, on the attainment of a certain age, but the attainment of that age does not form part of the legal description of the devisee or legatee, the interest of the devisee or legatee is vested in right before that age, even though there

is no prior distinct gift—no gift at that age : Schuldt's Est., 199 Pa. 58 ; Provenchere's App., 67 Pa. 463 ; Carstensen's Est., 196 Pa. 325.

*William C. Ferguson*, for appellee, cited : Bacon's App., 57 Pa. 504 ; Phillips's Appeal, 93 Pa. 45 ; Berridge v. Glassey, 112 Pa. 442 ; Bentley v. Kauffman, 86 Pa. 99 ; Kline's App., 117 Pa. 139 ; Shissler's App., 148 Pa. 577.

OPINION BY MR. JUSTICE FELL, February 29, 1904 :

The trust arose under a conveyance of real estate in 1831 to Gershom W. Lambert in trust to collect the rents and to pay one fourth thereof to each of his daughters named in the deed. In case of the death of a daughter leaving issue, the fourth was to be paid to the issue or during minority to be appropriated for maintenance and support. In the event of the death of a daughter without issue, the share of the one dying was to be paid to the surviving daughters or their issue. The trust was to terminate on the death of all the daughters and the arrival of the youngest child of all their children who might survive them at the age of twenty-one years, when a conveyance in fee was to be made to the issue of the daughters in the proportions they would have taken under the intestate laws in case the estate had descended from the trustee and their mothers. The deed further provided that the trustee might sell with the consent of the daughters ; that he might alter the trusts and vary the proportions allotted to any of his daughters or their issue ; that he might at will exclude any or all of them or their issue from the enjoyment of any share of the income or of any interest in the estate ; and that in the event of the death of all his daughters without issue at their decease, or if none of such issue should attain the age of twenty-one years, the trust should become void and the trustee should hold the property free of all trusts.

One daughter is still living ; one died without issue ; one died leaving three daughters all of whom are living ; one died in 1870 leaving a daughter, Virginia Pollard, who died in 1900 without issue and by her will devised her interest in the trust estate to Elizabeth S. Hunter, a stranger in blood. The administrator cum testamento annexo of the estate of Virginia Pollard petitioned the court for a citation on the substituted

trustee to require it to appear and show cause why it should not pay the share of Virginia Pollard in the income to him. After hearing the petition was dismissed.

The claim of the appellant is that the interest in one third of the income of the estate was vested in Virginia Pollard and was subject to her disposition by will, and would pass to her administrator c. t. a., until the debts were paid. This claim rests upon the proposition that the deed does not limit the enjoyment of the income by the issue of a daughter to a life estate and that the issue take an equitable estate in the income as large as the legal estate vested in the trustee, and that an equitable fee simple having vested, there was no condition subsequent that would divest it.

The purpose was to create a trust for the daughters of the trustee and their issue for as long a period as possible under the rule against perpetuities. There was a failure specifically to provide in the deed for the contingency of the death of a daughter leaving a child who should attain the age of twenty-one and die without issue during the continuance of the trust. The intention, however, is manifest. The direction was to pay income to all the daughters, or to the remaining daughters in the event of the death of one or more without issue, or to the remaining daughters and the issue of a deceased daughter, until the death of all the daughters and the arrival at the age of twenty-one of the youngest child of all the daughters who may have survived them. Those who should then take would be the survivors not only of their mothers but of all the other first takers. The gift over is to those who should be living at the time of the distribution. Any other construction makes inoperative the provision that the trustee may alter the terms of the trust and increase or diminish or take away altogether the interest of any daughter or her issue in the estate ; and give the share allotted to another daughter or her issue ; and defeats the intention, manifested by the whole deed, to preserve the estate unchanged as long as the law would permit for the benefit of the descendants of the trustee, and that the division when made should be to those of his blood in the proportions fixed by the intestate laws, as if the estate had descended from him and his daughters.

The decree is affirmed at the cost of the appellant.